IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| BRENDA F. SCHEU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:08-00081 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Knowles |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Brenda F. Scheu's ("Plaintiff") Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 15) with supporting memorandum (Doc. No. 16). In response, Defendant Commission of Social Security filed a Motion for Judgment on the Administrative Record ("Defendant's Motion") (Doc. No. 19) and supporting memorandum (Doc. No. 20). Magistrate Judge Knowles issued a Report and Recommendation ("Report") that Plaintiff's Motion be denied and that the decision of the Administrative Law Judge ("ALJ") be affirmed (Doc. No. 21). Plaintiff filed Objections to the Report (Doc. No. 22). Upon review of the Magistrate Judge's Report and the reasons discussed herein, the Court **ADOPTS** the Report in its entirety, **DENIES** Plaintiff's Motion, and **GRANTS** Defendant's Motion.

### I. BACKGROUND

*A. Procedural Background*

Plaintiff first filed an application for disability insurance benefits with the Social Security

-1-

Administration ("SSA") on April 14, 2002. Plaintiff asserted disability due to depression, anxiety, chest pain, moderate fatigue, back pain, carpal tunnel syndrome, migraine headaches, panic attacks, high blood pressure, and angina. (Tr. 41, 425-28, 448, 534-37). Plaintiff's application was denied initially, (Tr. 372-73, 538-39), and also upon reconsideration. (Tr. 375-76, 542-42). Plaintiff filed a request for a hearing by an ALJ. (Tr. 397-98).

The hearing was held on February 1, 2005, which resulted in a denial of benefits on July 28, 2005. (Tr. 403-406, 381-87). Plaintiff filed a request for a review of the decision on August 23, 2005. (Tr. 415). On April 24, 2006, the Appeals Council remanded the case to the ALJ: 1) to determine whether Plaintiff's past work meets all of the criteria used to determine past relevant work; 2) to proceed, if necessary, to step five of the sequential evaluation process and apply an appropriate GRID rule to Plaintiff's case; 3) to give further consideration to Plaintiff's maximum residual functional capacity and provide a rationale with specific references to the evidence of record in support of the assessed limitations; and 4) to obtain evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on Plaintiff's occupational base. (Tr. 419-22).

ALJ K. Dickson Grissom held Plaintiff's second hearing on August 23, 2006. (Tr. 569-86). Plaintiff and VE JoAnn Bullard appeared and testified. (*Id.*). On November 16, 2006, the ALJ issued a decision unfavorable to Plaintiff, based on the finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. (Tr. 23-32). Specifically, the ALJ made the following findings of fact:

> (1) Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2007.
>
> (2) The claimant has not engaged in substantial gainful activity since February 15, 2003,

the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

(3) Plaintiff has the following severe impairments: Depression, Anxiety, Eating Disorder, Obsessive Compulsive Disorder, and Post Traumatic Stress Disorder (20 CFR 404.1520(c) and 416.920(c)).

(4) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) Plaintiff has the residual functional capacity to perform simple, unskilled, light work activity lifting twenty pounds occasionally and ten pounds frequently, sitting for two hours in an eight-hour day, standing and/or walking for up to six hours in an eight-hour day; avoiding more than occasional climbing, stooping, crouching, crawling, and bending from the waist to the ground; with minimal or no interaction with the general public; involving simple, repetitive, non-detailed tasks. She is limited to casual and infrequent coworker contact and direct and nonconfrontational supervision. She can adapt to infrequent and gradually introduced changes.

(6) Plaintiff is capable of performing past relevant work as housekeeper/cleaner. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

(7) Plaintiff has not been under a "disability," as defined in the Social Security Act, from February 15, 2003 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 28-32).

On August 28, 2008, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1). The Court has jurisdiction under 42 U.S.C. § 405(g). On July 16, 2009, Magistrate Judge Knowles recommended the ALJ's decision be affirmed and Plaintiff's Motion be denied. (Doc. No. 21). Plaintiff asserts two (2) objections to the Magistrate Judge's findings. (Doc. No. 22). Specifically, Plaintiff contends that:

(1) the ALJ failed to give adequate weight to the opinion of Plaintiff's treating physicians; and

(2) the ALJ failed to give proper consideration to the opinions of Plaintiff's treating

-3-

mental health providers.

(*Id.*). The Court discusses the merits of Plaintiff's objections below.

  B.  *Factual Background*

The Court adopts the facts as stated in Plaintiff's Memorandum in Support of Motion for Judgment on the Administrative Record. (Doc. No. 16).

**II.** **STANDARD OF REVIEW**

The Court's review of the portions of the Magistrate's Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b) (2008). This review, though, is limited to a determination of whether substantial evidence exists in the record to support the Commissioner of Social Security's decision and whether the Commissioner committed any legal errors in the process of reaching that decision. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2008). The reviewing court will uphold the decision of the Commissioner in adopting the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The Sixth Circuit defines substantial evidence as "more than a mere scintilla of evidence, but less than a preponderance. *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court may not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner*, 745 F.2d at 387. Even if the evidence would support a different conclusion or the reviewing court could resolve factual issues differently, the decision of the ALJ must stand if "the evidence could reasonably support the conclusion

-4-

reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990).

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

    *A.    Plaintiff objects that the ALJ failed to give adequate weight to the opinion of Plaintiff's treating physicians.*

Plaintiff contends that the ALJ wrongly dismissed the opinion of Plaintiff's treating orthopedic surgeon, Dr. John Bacon. (Doc. No. 22). Specifically, Plaintiff contests the ALJ's failure to rely on Dr. Bacon's opinion that Plaintiff's pain was severe enough to interfere with attention and concentration and that she was likely to be absent three times a month due to her impairments. (*Id.*) The ALJ did not credit this portion of Dr. Bacon's opinion because the statement "appears to be based entirely on subjective complaints." (Tr. 31). Plaintiff further asserts that the ALJ erred in rejecting the limitations described by Dr. Bacon and the treating nurse practitioner that would prevent Plaintiff from performing substantial gainful activity. (Doc. No. 22).

    The Code of Federal Regulations defines a "treating source" as:

    Your own physician, psychologist, or other acceptable medical source who provides you or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing relationship with you.

20 C.F.R. § 404.1502. The ALJ should give enhanced weight to the findings and opinions of treating sources. 20 C.F.R. § 404.1527(d)(2). However, if the opinion of a treating source is not sufficiently supported by medical findings and contrary medical evidence exists in the record, the treating physician's statement is not controlling. *Id.*; *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (en banc); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th

-5-

Cir. 1997). The ALJ may reject the opinion of a treating physician if valid reasons for doing so are specified. *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993).

Contrary to the Plaintiff's assertion, the ALJ properly considered the opinion of treating orthopedist Dr. Bacon. He specifically relied on Dr. Bacon's opinion that Plaintiff could lift twenty pounds, stand and/or walk for six hours, and sit for six hours. (Tr. 31-32). The ALJ did not, however, rely on portions of Dr. Bacon's opinion that were unsubstantiated by medical evidence and inconsistent with other evidence in the record. (*Id.*). While the ALJ acknowledged Dr. Bacon's indication that Plaintiff would miss more than three days of work per month, he gave this part of Bacon's opinion little weight. (*Id.*). In doing so, the ALJ observed that "this portion appears to be based entirely on subjective complaints." (Tr. 31). He also noted that the objective medical findings negate the asserted severity of her back pain, based on X-rays that revealed only slight degenerative change. (*Id.*).

The ALJ likewise considered the opinion of Edna Woodard, the treating nurse practitioner. (Tr. 31). However, the nurse practitioner indicated that her opinion that Plaintiff could not perform even sedentary work was based only on subjective data. (*Id.*). The ALJ found no objective support for the limitation expressed by the nurse practitioner. In fact, he pointed out that no such restrictions were placed on Plaintiff by her treating doctor. (*Id.*).

Both the SSA and the Sixth Circuit have enunciated guidelines for use in analyzing a plaintiff's subjective complaints of pain. 20 C.F.R. § 404.1529; *Felisky v. Bowen*, 35 F.3d 1027, 1037 (6th Cir. 1994). While the inquiry into subjective complaints of pain must begin with the objective medical record, it does not end there. The Sixth Circuit set forth the standard for evaluating complaints of pain in *Duncan v. Secretary of Health and Human Services*. 801 F.2d

847 (6th Cir. 1986). The *Duncan* test has two prongs. First, the ALJ must determine whether there is objective medical evidence of an underlying medical condition. *Id.* at 853. Secondly, the ALJ decides: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. *Id.* This test does not require objective evidence of the pain itself. *Id.* The SSA also provides a checklist of factors to assess symptoms, including pain, in 20 C.F.R. § 404.1529(c).[1]

The ALJ followed the *Duncan* analysis when he evaluated the Plaintiff's case. He stated that the Plaintiff suffers from "medically determinable impairments," acknowledging the objective medical evidence of the underlying condition causing Plaintiff's complaints of pain. (Tr. 30). Hence, the Plaintiff's case survived the first prong of the *Duncan* test. *See* 801 F.2d at 853. The Plaintiff, however, failed to satisfy the second *Duncan* prong. Upon the ALJ's review of the complete record, he did not find evidence of the "totally disabling symptoms" alleged by the Plaintiff. (Tr. 31). The ALJ considered Dr. Bacon's report and determined that it did not demonstrate the degree of the pain alleged by Plaintiff. (*Id.*). He decided that the objective medical evidence did not confirm the severity of the alleged pain arising from the condition. *See Duncan*, 801 F.2d at 853. The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [the] symptoms are not entirely credible." (Tr. 31). An ALJ's

---

[1] The seven factors under 20 C.F.R. § 404.1529(c)(3) are: (I) the plaintiff's daily activities; (ii) the location, duration, frequency, and intensity of the plaintiff's pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the plaintiff takes or has taken to alleviate pain or other symptoms; (v) treatment, other than medication, plaintiff received or has received for relief of pain or other symptoms; (vi) any measures plaintiff uses or has used to relieve pain or other symptoms (e.g. lying flat on his back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) other factors concerning plaintiff's functional limitations and restrictions due to pain or other symptoms.

finding regarding the credibility of a claimant's testimony is entitled to great deference. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

The ALJ concluded that Plaintiff's physical and mental symptoms do not prevent her from doing light work, sitting for two hours, and standing and/or walking for six hours in a day. (Tr. 31). The ALJ was entitled to make this determination and not to give controlling weight to the unsubstantiated opinions of Dr. Bacon and Nurse Woodard.

> B. *Plaintiff objects that the ALJ failed to give proper consideration to the opinions of Plaintiff's treating mental health providers.*

Plaintiff argues that the ALJ failed to properly consider the evidence from Plaintiff's treating mental health care providers at Valley Ridge Mental Health Care Center ("Valley Ridge"). (Doc. No. 22). Despite Clinically Related Group ("CRG") assessments that Plaintiff had a Global Assessment of Functioning ("GAF") level of 45 during September 2003 through May 2006, the ALJ determined that she did not meet the B criteria of 12.04 or 12.06. (*Id.*).

The Code of Federal Regulations provides that the required level of severity for affective and anxiety-related disorders is met when at least two of the following results are present:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration;

20 C.F.R. Part 404, Subpart P, Appendix 1, Listings 12.04 and 12.06.[2] Notably, the mental disorder Listings do not reference GAF scores. Thus, an individual's GAF does not determine whether the requisite level of severity has been met for the purposes of Social Security disability. *DeBoard v. Comm'r of Soc. Sec.*, 211 Fed. App'x. 411, 415 (6th Cir. 2006). A GAF score

---

[2]The "B" requirements are the same for Listings 12.04 and 12.06.

represents a clinician's subjective determination of an individual's overall ability to function. *Wesley v. Comm'r of Soc. Sec.,* 2000 WL 191664, at *3 (6th Cir. Feb. 11, 2000) (citing DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS 30 (4th ed. 1994)). A GAF score does not necessarily have any "bearing on the subject's social and occupational functioning." *Kornecky v. Comm'r of Soc. Sec.,* 2006 WL 305648, at *13-*14 (6th Cir. Feb. 9, 2006). Nonetheless, the Sixth Circuit has repeatedly held that GAF scores in the mid 30s to mid 50s are consistent with the ability to perform simple, unskilled, low stress work. *E.g., Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) (holding that a GAF score in the high 40s to mid 50s did not preclude the ability to work); *Smith v. Comm'r of Soc. Sec.,* 74 Fed. App'x. 548, 553 (6th Cir. 2003) (determining that plaintiff with a GAF score of 48 was ineligible for disability benefits); *Nierzwick v. Comm'r of Soc. Sec.,* 7 Fed. App'x. 358, 363 (6th Cir. 2001) (finding that plaintiff was able to work, despite a GAF score of 35).

  In the present case, the ALJ appropriately considered the opinions of the treating mental health care providers at Valley Ridge. Although the ALJ not mention Valley Ridge by name in his decision, he explicitly referenced and relied upon reports prepared by Valley Ridge mental health care providers. (Tr. 29). For example, the ALJ noted the Plaintiff's GAF score of 55 in September 2003, which was calculated by professionals at Valley Ridge. (Tr. 29, 247, 251). Furthermore, the ALJ observed that Plaintiff reported a decrease in obsessive thoughts in August of 2004, also information from a Valley Ridge assessment. (Tr. 29, 356). Among other references to Valley Ridge reports, the ALJ also mentioned that Plaintiff experienced mild limitations of daily living and moderate limitations in social function, concentration, and adaptation. (Tr. 30, 484-86).

As shown by the ALJ's detailed references to Valley Ridge reports, the ALJ indeed reviewed and considered the opinions of Plaintiff's mental health care providers, including the GAF scores, in evaluating the B criteria of 12.04 and 12.06. That professionals at Valley Ridge on occasion assessed Plaintiff with a GAF score of 45 does not invalidate the ALJ's decision regarding her ability to meet the demands of work activity. The ALJ thoroughly explained his analysis under the "B" criteria of Listings 12.04 and 12.06, concluding that the Plaintiff suffers no episodes of decompensation and only moderate limitation in the activities of daily living; social functioning; and concentration, persistence and pace. (Tr. 30).

The record contains substantial evidence to support the ALJ's decision that Plaintiff's symptoms did not render her unable to work. Beyond the assessments of the Valley Ridge professionals, the record is replete with reports of treating and consulting physicians that corroborate the ALJ's decision. For example, treating physician Dr. Richard T. Rutherford determined in May 2003 that the Plaintiff did not have an underlying mental disorder which significantly interferes with her functioning. (Tr. 166). Similarly, Mark A. Loftis, Senior Psychological Examiner for Tennessee Disability Determination Services, acknowledged Plaintiff's ability to perform simple tasks while recommending that her work skills might be improved with "vocational training or a work hardening type program." (Tr. 177). Assessments performed by several other doctors also indicated Plaintiff's ability to carry out simple instructions and perform work tasks. (Tr. 171, 178-86). These reports are consistent with the ALJ's finding that Plaintiff is not disabled within the meaning of the Social Security Act and Regulations.

V. **CONCLUSION**

The Court does not find merit in Plaintiff's objections because there is substantial evidence in the record to support the ALJ's decision that Plaintiff is not disabled under 42 U.S.C. § 423(d)(1)(A). Therefore, Plaintiff's Motion is **DENIED**, Defendant's Motion is **GRANTED,** and the Court **ADOPTS** the Magistrate Judge's Report in its entirety.

This Order terminates this Court's jurisdiction over this action and the case is **DISMISSED**.

It is so ORDERED.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT